UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTOPHER SMITH,

                Plaintiff,

v.                                    Case No. 3:07-cv-546-J-32HTS

F.D.O.C. JAMES MCDONOUGH,
etc.; et al.,

                Defendants.

## ORDER[1]

On June 19, 2007, Plaintiff Christopher Smith, an inmate of the Florida penal system who is proceeding *pro se* and *in forma pauperis*, initiated this action by filing a Motion for Injunction Relief (Doc. #1) pursuant to Fed. R. Civ. P. 65. In the Motion for Injunction Relief, Plaintiff requests this Court to "issue [an] injunction to prevent [i]rreparable injury, pending exhaustion of administrative remedies." Motion for Injunction Relief at 1. Plaintiff, as a practicing Rastafarian/Nazarite, challenges the prison's grooming policy that forbids beards and long hair. He claims that the prison's grooming policy violates his First Amendment right to freely practice his religion and further violates the Religious Freedom Restoration Act (hereinafter RFRA).

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the matter addressed herein and is not intended for official publication or to serve as precedent.

Plaintiff requests that this Court transfer him to the Federal Correctional Complex in Coleman, Florida, until the merits of this case are addressed.[2]

In support of his Motion for Injunction Relief, Plaintiff has attached his informal grievance, dated May 30, 2007, in which he complains that the requirements of his Rastafarian religion, including strict adherence to dietary, hygienic, meditative and ritualistic practices, are "virtually unrecognized" by the religious services department at Columbia Correctional Institution. Motion for Injunction Relief, attached Inmate Request, dated May 30, 2007.  In response, the Department stated:

> Your Grievance is very vague and not specific. Our records show you changed your religion to Rastafarian on 5/26/07 and you had a discussion with Chaplain Day on 5/31/07 when he advised you that Chapter 33 covered grooming and hygiene standards and that if you wanted [a] Vegan diet that would meet your dietary needs you needed to write Food Service.  For Observance or specific Holy Day observances you need to submit a request to the chaplain in order fore [sic] proper paperwork to be in place to cover the observance.

---

[2] Plaintiff Christopher Smith is confined at Columbia Correctional Institution and is in close custody confinement.  See http://www.dc.state.fl.us/ActiveInmates (website for the Florida Department of Corrections/Corrections Offender Network).  He is serving a four-year sentence for two state court (Volusia County) convictions for the sale, manufacturing or delivery of cocaine and depositing a check with the intent to defraud.  Id.

Motion for Injunction Relief, attached Response to Inmate Request, dated June 8, 2007.

As noted by Plaintiff, the hair-length regulations and grooming policies of the Florida Department of Corrections require haircuts of short to medium uniform length and facial hair to be clean shaven unless detrimental to health. Specifically, the rule states:

> For security and identification purposes, no inmate shall be permitted to have his or her hair, to include eyebrows and facial hair, dyed, cut, shaved or styled according to fads or extremes that would call attention to the inmate or separate inmates into groups based upon style. This would include, for example, tails, woven braids, cutting, sculpting, clipping or etching numbers, letters, words, symbols or other designs into the hair. **Male inmates shall have their hair cut short to medium uniform length at all times with no part of the ear or collar covered.** Male inmates shall be permitted to shave their entire heads in a uniform manner unless the inmate is using his hairstyle or lack thereof to demonstrate gang affiliation or otherwise pose a threat to institutional security. Partial shaving of the head in a Mohawk or other distinctive style shall not be permitted. Sideburns shall not extend beyond the bottom of the earlobes and will have straight lines with no flare at the base. **All male inmates shall be clean shaven**, provided, however, that an exemption from this requirement shall be granted on the basis of a medical diagnosis when it is determined by the staff physician that shaving would be detrimental to the inmate's health. Inmates granted a medical exemption from the shaving requirement may be required to keep their facial hair closely trimmed with scissors or clippers. For the purposes of this rule,

>"closely trimmed" means trimmed so that no part of the facial hair exceeds the length prescribed by the physician as necessary to prevent the appearance or reappearance of skin disorders. If no specific length is prescribed, then facial hair shall be kept trimmed to within one-quarter inch. An inmate who has been granted a shaving exemption shall maintain the written exemption on his person at all times when outside the assigned housing unit.

Florida Administrative Code 33-602.101(4), entitled "Care of Inmates" (emphasis added). Further, according to Florida Administrative Code 33-503.001(2)(c)2., "[r]eligious beliefs do not justify violation of Department or institutional rules and regulations." This includes the grooming standards set forth in Florida Administrative Code 33-602.101.

With respect to Plaintiff's request for a preliminary injunction, this Court is of the opinion that Plaintiff has failed to comply with the strictures of Fed. R. Civ. P. 65 and Rules 4.05 and 4.06 of the Rules of the United States District Court for the Middle District of Florida. Further, Plaintiff has failed to set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Rule 65(c), Fed. R. Civ. P., and to submit a proposed form of preliminary injunction order prepared in strict accordance with the requirements contained in Rule 65(a) and (d), Fed. R. Civ. P.

Plaintiff's request for injunctive relief is due to be denied for the above-mentioned reasons. However, even assuming arguendo

that Plaintiff properly filed his request for injunctive relief, the request for injunctive relief is due to be denied for the following reasons. Of course, "[to] support a preliminary injunction, a district court need not find that the evidence positively guarantees a final verdict in plaintiff's favor." <u>Levi Strauss & Co. v. Sunrise Intern. Trading Inc.</u>, 51 F.3d 982, 985 (11th Cir. 1995). Instead, as the Eleventh Circuit has stated, the district court must determine whether four prerequisites for extraordinary relief have been established by the evidence:

> [A] district court may grant preliminary injunctive relief when the moving party shows that: (1) it has a substantial likelihood of success on the merits of the underlying case when the case is ultimately tried; (2) irreparable injury during the pendency of the suit will be suffered unless the injunction issues immediately; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.

<u>Alabama v. U.S. Army Corps of Engineers</u>, 424 F.3d 1117, 1128 (11th Cir. 2005) (citations omitted), <u>cert</u>. <u>denied</u>, 126 S.Ct. 2862 (2006); <u>Parker v. State Bd. of Pardons & Paroles</u>, 275 F.3d 1032, 1034-35 (11th Cir.) (per curiam) (footnote omitted), <u>cert</u>. <u>denied</u>, 534 U.S. 1072 (2001). Furthermore, a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly establishes the burden of persuasion as to all

four prerequisites.  See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).

Here, Plaintiff has not demonstrated that a protective order is necessary to prevent irreparable injury.  The Eleventh Circuit has "emphasized on many occasions, the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" Siegel v. LePore, 234 F.3d 1163, 1176-77 (11th Cir. 2000) (per curiam) (quoting Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990)).

Plaintiff Christopher Smith has not filed a civil rights complaint in this case; however, since Plaintiff is proceeding *pro se* in this case, this Court will construe his Motion for Injunction Relief as a Complaint filed pursuant to 42 U.S.C. § 1983.[3]  On April 26, 1996, the President of the United States signed into law the Prison Litigation Reform Act (hereinafter PLRA).  The PLRA requires the Court to dismiss this case at any time if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or the action is frivolous, malicious, fails to

---

[3] Plaintiff Christopher Smith has not asserted that he has suffered any physical injury and has not requested monetary damages.  However, to the extent that he may be seeking damages for mental or emotional injury, Plaintiff's action is barred by 42 U.S.C. § 1997e(e) as long as he remains incarcerated.  See Napier v. Preslicka, 314 F.3d 528, 531-32 (11th Cir. 2002), cert. denied, 540 U.S. 1112 (2004).

- 6 -

state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908,

>1912-13, 68 L.Ed.2d 420 (1981), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd by, Zinermon v. Burch, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579 (11th Cir. 1995).

The Court is convinced, upon review of Plaintiff's Complaint, that it is frivolous as it appears that the Plaintiff has little or no chance of success on a claim of constitutional deprivation. All the prison officials have to show is reasonableness: when a prison regulation or policy "impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987); see O'Lone v. Shabazz, 482 U.S. 342 (1987).

The Eleventh Circuit has repeatedly found that grooming regulations in correctional facilities are reasonably related to legitimate penological interests. A similar regulation prohibiting beards was upheld in Shabazz v. Barnauskas, 790 F.2d 1536, 1538 (11th Cir.) (per curiam) ("[T]he state's no beard rule serve[s] a legitimate penological interest in preventing escape."), cert. denied, 479 U.S. 1011 (1986). Other grooming regulations concerning hair and beards, when challenged pursuant to a First

Amendment claim or cruel and unusual punishment claim, have been found permissible. See Solomon v. Zant, 888 F.2d 1579, 1582 (11th Cir. 1989) ("[P]rison officials instituted the 'no-beard' rule because of security concerns"); Martinelli v. Dugger, 817 F.2d 1499, 1506 (11th Cir. 1987) ("A similar conclusion is required as to the hair length rules because they serve the same interests as the no beard rule."), cert. denied, 484 U.S. 1012 (1988); Harris v. Chapman, 97 F.3d 499, 503 (11th Cir. 1996), cert. denied, 520 U.S. 1257 (1997); and, Maimon v. Wainwright, 792 F.2d 133 (11th Cir. 1986). In fact, in Harris, the Court upheld a hair length regulation under the First Amendment and the more rigorous "least restrictive means" test under the Religious Freedom Restoration Act.[4]

---

[4] In City of Boerne v. Flores, 521 U.S. 507, 532-33 (1997), the United States Supreme Court found RFRA to be unconstitutional. Now, institutionalized persons can sue pursuant to the Religious Land Use and Institutionalized Persons Act (hereinafter RLUIPA). See Cutter v. Wilkinson, 544 U.S. 709 (2005) (holding that section three of the RLUIPA, which increases the level of protection of prisoners' and other institutionalized persons' religious rights, did not violate the Establishment Clause); Lovelace v. Lee, 472 F.3d 174, 186 (4th Cir. 2006) (stating that section three of RLUIPA, which protects institutionalized persons, applies to programs or activities that receive federal financial assistance); 42 U.S.C § 2000cc-1. However, here, Plaintiff has not asserted a violation of RLUIPA. Even assuming that Plaintiff made such a claim, this Court finds his Complaint to be frivolous for the reasons stated in this Order.

In <u>Harris</u>, the Eleventh Circuit explained:

> It is well established that states have a compelling interest in security and order within their prisons, <u>see</u> <u>Lawson v. Singletary</u>, 85 F.3d 502, 512 (11th Cir. 1996) (and citations therein). This is so especially in "close custody" facilities like MCI which contain extremely violent offenders. This general interest in security clearly includes other specific interests articulated by the district court such as the identification of escapees and the prevention of the secreting of contraband or weapons in hair or beards. <u>See</u> <u>also</u> <u>Hamilton v. Schriro</u>, 74 F.3d 1545, 1554-55 (8th Cir. 1996) (finding prison hair length rule applicable to Native American, for similar reasons); <u>Phipps v. Parker</u>, 879 F.Supp. 734 (W.D.Ky. 1995) (finding prison hair length rule applicable to orthodox Hasidic Jew, for similar reasons). Furthermore, like the courts cited here, we are unable to suggest any lesser means than a hair length rule for satisfying these interests, nor could Harris's counsel at oral argument. We thus join these courts in finding that a reasonable hair length regulation satisfies the least restrictive means test.

<u>Harris</u>, 97 F.3d at 504.

Not every legally cognizable injury that results from state action suggests a violation of constitutional rights. Under the circumstances as described in the Complaint, it appears that Plaintiff has little or no chance of success on his claim. Consequently, this case will be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion for Injunction Relief (Doc. #1) is **DENIED.**

2. This case is **DISMISSED** without prejudice as frivolous.

3. The Clerk of the Court shall enter judgment dismissing the case without prejudice as frivolous and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of June, 2007.

*[Signature]*
TIMOTHY J. CORRIGAN
United States District Judge

sc 6/20
c:
Christopher Smith